**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

**DANA LIESER,**

    Plaintiff,

v.

**THE HARMONY FOUNDATION, INC., a Colorado not for profit corporation,**

    Defendant.

**COMPLAINT AND JURY DEMAND**

Plaintiff Dana Lieser ("Lieser" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant The Harmony Foundation, Inc. ("Defendant") and states as follows:

**NATURE OF ACTION**

Plaintiff brings this action for damages as a result of Defendant's interference and/or retaliation with the Family Medical Leave Act of 1993 ("FMLA") in violation of 29 U.S.C.A. §§ 2601-2654; 29 C.F.R. Part 825. Plaintiff also brings state claims against Defendant for Termination in Violation of Public Policy and Breach of Contract.

**PARTIES**

1.  Plaintiff is a resident of, and domiciled in, the State of Colorado during all times relevant to the allegations in this Complaint, residing at 430 Saint Vrain Place, Unit D, Colorado Springs, CO 80904.

2. Defendant is a Colorado corporation with a principal office, located at 1600 Fish Hatchery Rd, Estes Park, Colorado, 80517, and has been operating the laws of the State of Colorado during all relevant time periods.

3. Plaintiff was employed by Defendant during all relevant time periods.

## JURISDICTION

4. The Court has jurisdiction over the federal claims in this action pursuant to 29 U.S.C. § 2601 and may exercise jurisdiction over the state claims pursuant to its authority under 28 U.S.C. § 1367(a).

5. Venue is proper within this District pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

7. Ms. Lieser began working for the Defendant on May 22, 2018 as a Nurse.

8. During all relevant times, Defendant's CEO was Jim Geckler and the Directors were Laurie Verholf ("Verholf") and Eric Mumme ("Mumme").

9. On January 1, 2020, Ms. Lieser was hospitalized for a serious medical condition.

10. On or around January 3, at her earliest convenience, Ms. Lieser filed for FMLA for her qualifying illness.

11. Ms. Lieser's FMLA request was approved retroactively from January 1, 2020 through January 11, 2020 in order to undergo treatment.

12. Her next scheduled shift, and the day she was to return, was January 15, 2020.

-3-

13. On or about January 11, 2020, Ms. Lieser went to Defendant to drop off belated holiday treats for her co-workers.

14. Ms. Lieser was dressed in street clothes when she went into the office on January 11, 2020.

15. Upon her entry Ms. Lieser witnessed an older gentleman, who was poorly dressed for the cold weather, walking away from Defendant.

16. Ms. Lieser reported a description of the gentleman to the men's nurse. That nurse instructed Ms. Lieser to take a look to see if it was a resident because at least five clients met the description that Ms. Lieser provided. Ms. Lieser signed on to the computer and looked. Ms. Lieser saw three gentlemen fitting the description and asked the nurse if she had seen those three recently. When the nurse confirmed she had, Ms. Lieser walked away and finished setting out the treats she had brought.

17. Ms. Lieser was not signed into the computer in the medication room.

18. Defendant encourages reporting for the safety of its patients.

19. Ms. Lieser returned to work in an official capacity on or about January 15, 2020 and was immediately called into a meeting with Verhoef and Mumme. The falsely accused Ms. Lieser of dispensing medication on January 11, 2020, Ms. Lieser was wrongfully terminated.

20. Ms. Lieser was terminated in interference and/or retaliation for using FMLA and in violation of public policy.

## FIRST CAUSE OF ACTION
### (Interference and/or retaliation with the Family Medical Leave Act 29 U.S.C.A. §§ 2601-2654, 29 C.F.R. Part 825)

21. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 20.

22. Plaintiff was approved for FMLA January 1, 2020 through January 11, 2020. Her next scheduled shift was January 15, 2020.

23. Defendant interfered and/or retaliated against Plaintiff's right to use FMLA for her serious medical condition.

24. Plaintiff was terminated in interference and/or in retaliation of her rights under FMLA.

25. Defendant's actions are in violation of 29 U.S.C. §2615(a)(1), 2617(a), and 29 C.F.R. §825.2200.

26. As a result of the actions of Defendant, Plaintiff suffered damages.

## SECOND CAUSE OF ACTION
### (Termination in Violation of Public Policy)

27. Ms. Lieser incorporates her prior allegations as if fully set forth herein.

28. Ms. Lieser was terminated for reporting, in good faith, that a possible resident/patient had left the building. See, *Martin Marietta Corp. v. Lorenz*, 823 P.2d 100 (Colo. 1992).

29. Plaintiff followed company policy and reported, in good faith, the gentleman walking away from the Defendant who could have been a possible resident/patient.

30. Plaintiff followed instructions and looked to determine if the gentleman she saw was a resident/patient.

-5-

31. Defendant terminated Ms. Lieser for her good faith complaint.

32. The actions of Defendant were willful and wanton, and/or were done with malice or with reckless indifference to Ms. Lieser's protected rights.

33. As a result of the actions of Defendant Ms. Lieser suffered damages.

### THIRD CAUSE OF ACTION
### (Breach of Contract)

34. Ms. Lieser incorporates her prior allegations as if fully set forth herein.

35. Plaintiff was aware of various policies and procedures throughout her employment.

36. Plaintiff reasonably understood that Defendant was offering equal employment opportunities during their employment.

37. Plaintiff performed according to the policies and procedures.

38. Defendant did not comply with its policies and procedures.

39. As a direct and proximate result of the foregoing actions and conduct of Defendant, Plaintiff suffered, and will continue to suffer, damages.

WHEREFORE, Plaintiff Dana Lieser respectfully request that this Court enter judgment in her favor and against Defendant, and award her damages for back pay, front pay and benefits, personal humiliation, severe emotional pain, inconvenience, mental anguish, future pecuniary loss ad loss of enjoyment of life, punitive damages, liquidated damages, penalties, costs, interest and expert fees, attorney's fees, and such other further relief as this Court deems proper.

### PLAINTIFF DEMANDS A TRIAL BY JURY

DATED this 20th day of July, 2020.

-6-

        Respectfully submitted,

        */s/Sara A. Green*
        Sara A. Green , Esq.
        BACHUS & SCHANKER, LLC
        101 Colfax Ave.,, Suite 650
        Denver, Colorado 80202
        Telephone: 303.893.9800
        Facsimile: 303.893.9900
        Sara.green@coloradolaw.net